

FILED
Dec 01 2021
3:50 pm
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY   A. Cazares   DEPUTY

~~SEALED~~   ORDERED UNSEALED on 12/14/21   s/ Julieo

s/ Julieo

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

December 2020 Grand Jury

| UNITED STATES OF AMERICA, | Case No. '21 CR3352 JLS |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | Title 15, U.S.C., Secs. 78j(b), 78ff, and Title 17, C.F.R., Sec. 240.10b-5 – Securities Fraud; Title 18, U.S.C., Sec. 1957 – Money Laundering; Title 18, U.S.C., Secs. 981(a)(1)(C), 982(a)(1), and 982(b), and Title 28, U.S.C., Sec. 2461(c) – Criminal Forfeiture |
| DENNY BHAKTA, | |
| Defendant. | |

The Grand Jury charges, at all times material:

**INTRODUCTORY ALLEGATIONS**

1.   Defendant DENNY BHAKTA was the founder of, and managed and controlled, Fusion Hotel Management, LLC and Fusion Hospitality Corporation (collectively "Fusion"), both of which were entities registered with the California Secretary of State.

2.   Beginning on a date unknown to the Grand Jury, but at least as early as 2016, BHAKTA solicited individuals to invest in Fusion. In soliciting these investors, BHAKTA made material misstatements and omissions about Fusion and its business dealings.

AJGA:nlv:San Diego:11/30/21

3. BHAKTA falsely claimed to investors that Fusion purchased large blocks of hotel rooms for multiple nights from a multinational hospitality company (the "Hotel Company") and sold them at a profit to a major American airline (the "Airline").

4. BHAKTA provided investors with documents about Fusion's purported business. These documents contained false statements about, among other things, Fusion's annual revenue, Fusion's number of employees, and Fusion's business activities.

5. To support his false claims and further his fraud on investors, BHAKTA provided investors with fabricated documents, including: (1) bank records that purported to show payments from Fusion to the Hotel Company and payments from the Airline to Fusion; (2) purported agreements between Fusion and the Hotel Company; (3) purported agreements between Fusion and the Airline; and (4) documents purporting to be internal analyses conducted by the Hotel Company.

6. BHAKTA's efforts to solicit investors through these material misstatements and omissions were successful. BHAKTA received funds from investors, which he falsely claimed Fusion would use to purchase large blocks of hotel rooms from the Hotel Company. Instead of buying blocks of hotel rooms with investors' funds, Bhakta used the money to pay for personal expenses, including to cover gambling losses, and to make payments to other investors.

7. BHAKTA issued promissory notes and shares of stock to investors who provided funds to BHAKTA and Fusion. These promissory notes and shares of stock are securities under the federal securities laws.

Count 1 - Securities Fraud

(Title 15, U.S.C., Secs. 78j(b), 78ff, and
Title 17, C.F.R., Sec. 240.10b-5)

8. The allegations set forth in paragraphs 1 through 7 are re-alleged as if fully set forth herein.

9. Beginning on a date unknown to the Grand Jury but no later than 2016, and continuing until the present, within the Southern District of California and elsewhere, defendant DENNY BHAKTA did knowingly and willfully, directly and indirectly, by the use of the means and instrumentalities of interstate commerce and of the mails, use and employ manipulative and deceptive devices and contrivances in connection with the purchase and sale of securities issued by Fusion Hospitality Corporation and Fusion Hotel Management, LLC, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by (a) employing devices, schemes and artifices to defraud, (b) making and causing to be made untrue statements of material fact, and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon any persons, including members of the investing public and sellers and purchasers of securities of Fusion Hospitality Corporation and Fusion Hotel Management, LLC.

All in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5.

Count 2 - Money Laundering

(18 U.S.C. § 1957)

10. Paragraphs 1 through 7 of the Introductory Allegations above are re-alleged as if fully set forth herein.

11. On or about July 26, 2018, within the Southern District of California and elsewhere, defendant DENNY BHAKTA did knowingly engage and attempt to engage in a monetary transaction by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a Specified Unlawful Activity, that is, Securities Fraud, in violation of Title 15, United States Code, Sections 78j(b), 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5, as follows: BHAKTA withdrew $100,000 from a Wells Fargo account ending in 6589 in the name of Fusion Hotel Management, LLC; in violation of Title 18, United States Codes, Section 1957.

## FORFEITURE ALLEGATIONS

12. The allegations contained in paragraphs 1 through 7 and Counts 1 and 2 of this Indictment are re-alleged and incorporated by reference for the purpose of alleging forfeiture to the United States pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1), and 982(b), and Title 28, United States Code, Section 2461(c).

13. Upon conviction of the offense set forth in Count 1 and pursuant to Title 18, United States Code Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), defendant DENNY BHAKTA shall forfeit to the United States any property, real and personal, which constitutes or is derived from proceeds traceable to the violation.

14. Upon conviction of the offense set forth in Count 2 and pursuant to Title 18, United States Code, Section 982(a)(1), defendant DENNY BHAKTA shall forfeit to the United States all property involved in the offense and all property traceable to such property.

15. If, as a result of any act or omission of the defendant, the property described above, or any portion thereof, cannot be located upon

the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of this court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States to seek forfeiture of other property of the Defendant pursuant to Title 18, United States Code, Section 982(b) and Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1), and 982(b), and Title 28, United States Code, Section 2461(c).

DATED: December 1, 2021.

RANDY S. GROSSMAN
Acting United States Attorney

By: _____
ANDREW J. GALVIN
Assistant U.S. Attorney