RANDY S. GROSSMAN
United States Attorney
ANDREW J. GALVIN
Assistant United States Attorney
California Bar No. 261925
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-9721
Email: andrew.galvin@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 21cr3352-JLS |
| Plaintiff, | STIPULATION AND JOINT MOTION FOR INTERLOCUTORY SALE OF PORSCHE AND RETURN OF AUDI |
| v. | |
| DENNY BHAKTA, | |
| Defendant. | |

Plaintiff, the UNITED STATES OF AMERICA, by and through its counsel, Randy S. Grossman, United States Attorney, and Andrew J. Galvin, Assistant United States Attorney, and Defendant DENNY BHAKTA ("Defendant"), with the advice and consent of Sandra Resnick, counsel for defendant (collectively, the "Parties"), hereby stipulate and agree to the interlocutory sale of One 2017 Porsche 991, 911 Coupe, CA License No. MB17TCB, VIN: WP0AD2A98HS167515 (the "Porsche"), seized from Defendant which vehicle is subject to a criminal forfeiture allegation in this case.

1.   Based upon the violations of 15 U.S.C. § 78j(b), 78ff, and 17 C.F.R. § 240.10b-5, as alleged in Count 1 of the Indictment, and the violations of 18 U.S.C. § 1957, as alleged in Count 2 of the Indictment, the United States seeks forfeiture of the Porsche, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 982(b), and 28 U.S.C. § 2461(c).

2. Default interest and penalties continue to accrue on the promissory note secured by the Porsche which is subject to Bank of America's properly perfected security interest. As of February 2022, the principal balance totaled $96,674.23, with an approximate value of $172,550.

3. This Court is authorized to "take any . . . action to preserve the availability of property" subject to forfeiture. 21 U.S.C. § 853(e)(1). Rule 32.2.(b)(7) of the Federal Rules of Criminal Procedure provides that "[a]t any time before entry of a final order of forfeiture, the court, in accordance with Supplemental Rule G(7) of the Federal Rules of Civil Procedure, may order the interlocutory sale of property alleged to be forfeitable."

4. Supplemental Admiralty and Maritime Claims Rule G(7)(b) of the Federal Rules of Civil Procedure ("Rule G(7)") provides that, on motion by a party or person having custody of the property, a court may order the interlocutory sale of all or part of the property subject to a pending asset forfeiture action if certain conditions are met. Specifically, an interlocutory sale may be ordered if (1) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending action; (2) the expenses of keeping the property is excessive or is disproportionate to its fair market value; (3) the property is subject to a mortgage or to taxes on which the owner is in default; or (4) the court finds other good cause. Rule G(7)(b)(i). The sale must be made by a United States agency that has authority to sell the property, by the agency's contractor, or by any person that the court designates. Rule G(7)(b)(ii).

5. When the sale is made, the net sales proceeds will be a substitute res subject to forfeiture in place of the property that was sold. The net sales amount will be held by the United States Marshals Service in an interest bearing account maintained by the United States pending the conclusion of the forfeiture action. See Fed. R. Civ. Pro. G(7)(c).

//

6. The sales price for the Porsche shall be equal to or greater than the total of the amount owed to Bank of America as of the date of sale. The United States Marshals Service shall proceed to sell the Porsche on an expedited basis. The United States Marshals Service shall pay all costs of sale, amounts owed to Bank of America, and costs of expenses from the gross proceeds of sale. The net proceeds will thereafter be deposited as described below.

7. Plaintiff and Defendant hereby agree to substitute any net proceeds realized from the sale of the Porsche as the property subject to the forfeiture allegations of the indictment regarding the Porsche in this criminal case. The net proceeds shall be held in the custody of the Department of Justice Seized Asset Deposit Fund pending further order of the United States District Court.

8. The validity and priority of any other claims to the Porsche or any net proceeds realized from the sale of the Porsche made pursuant to 21 U.S.C. § 853(n) will be determined at an ancillary proceeding, contingent upon and following a judgment in the criminal case and the Court's entry of a final order of forfeiture to the United States.

9. Plaintiff and Defendant reserve their rights against the net proceeds from the sale of the Porsche as if they were the vehicle subject to forfeiture.

//
//
//
//
//
//
//
//
//
//

10. The Parties further agree to the release of One 2016 Audi S8, VIN: WUAJ5AFDXGN900295 (the "Audi"), which was also seized from Defendant and is subject to a criminal forfeiture allegation in this case. The Audi shall be returned to Defendant by the United States Marshals Service, either directly or to someone so designated by attorney Sandra Resnick.

I hereby certify that the content of this document is acceptable to all persons required to sign and I have been authorized to e-file this document with the electronic signature of Sandra Resnick, attorney for Defendant DENNY BHAKTA.

DATED: March 8, 2022.

RANDY S. GROSSMAN
United States Attorney

*s/ Andrew J. Galvin*
ANDREW J. GALVIN
Assistant U.S. Attorney
Attorney for Plaintiff
United States of America

*s/ Sandra Resnick*
SANDRA RESNICK
Attorney for Defendant Denny Bhakta