SANDRA RESNICK
California State Bar No. 89901
270 East Douglas Avenue
El Cajon, California 92020
Telephone: (619) 401- 4067
Facsimile: (619) 442-7439
sresn@cox.net

Attorney for Denny Bhakta

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>DENNY BHAKTA,<br><br>　　　　　　　Defendant. | CASE NO.:   21CR3352<br><br>Hon. JANIS L. SAMMARTINO<br><br>**JOINT MOTION TO CONTINUE MOTION HEARING** |

**IT IS HEREBY JOINTLY MOVED** by the parties that the Motion Hearing and Trial Setting currently scheduled for March 18, 2022, be continued to May 13, 2022, at 1:30 p.m. before the Honorable Janis L. Sammartino. The parties also jointly move to exclude time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7).

Section 3161(h) excludes certain periods of time in calculating the 70 days. That includes delay resulting from a continuance if the court finds "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The court must "set[] forth … either orally or in writing, its reasons" for the finding. Id. The court "shall consider" the following factors, "among others":

　　(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible or result in a

miscarriage of justice.

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

…

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the existence of due diligence.

U.S.C. § 3161(h)(7)(B). "No continuance under [this provision] shall be granted because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." U.S.C. § 3161(h)(7)(C).

The legislation enacted to address the COVID-19 pandemic, further enables the exclusion of time. The ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy trial, for the following reasons:

    a.    Discovery in this matter is ongoing.

    b.    Mr. Bhakta has filed discovery motions.

    c.    Additional time is needed in order to resolve the case. It is expected that additional charges will be filed, resulting in many additional pages of discovery. Until the new discovery is reviewed, there can be no resolution of this matter.

    d.    The parties are exercising due diligence. For the reasons above, failure to grant the requested continuance would deny counsel the reasonable time necessary for effective preparation and result in a miscarriage of justice.

    e.    This is the second request for a continuance of the Motion Hearing/Trial Setting in this case.

Counsel for defendant represents that she has discussed the need for this continuance with Mr. Bhakta. He agrees to and joins in the request for this continuance. The parties therefore jointly move for a continuance and to exclude time under the Speedy Trial

Act. The parties agree the period of delay excluded spans from the filing of this joint motion, U.S.C. § 3161(h)(1)(D), until the new date for the hearing.

DATED: March 9, 2022          /s/ Sandra Resnick

March 9, 2022          /s/ Andrew Galvin