RANDY S. GROSSMAN
United States Attorney
AARON P. ARNZEN
ERIC R. OLAH
California Bar Nos. 218272 / 295513
Assistant U.S. Attorneys
United States Attorney's Office
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7540

Attorneys for the United States

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 21-CR-3352-JLS |
|---|---|
| Plaintiff, | **THE UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR APPOINTMENT OF ADDITIONAL COUNSEL** |
| v. | |
| DENNY BHAKTA, | Date:     May 11, 2023 |
| Defendant. | Time:     9:30 a.m. |
| | **The Honorable Barbara L. Major** |

The United States opposes Defendant Denny Bhakta's motion for the appointment of a second CJA attorney (ECF No. 54)—at least until Defendant establishes that he is financially unable to obtain adequate representation. In holding Defendant to his burden, the Court should require that Defendant explain how exactly he is able to obtain representation in each of his various civil suits, including:

- The law firm and the solo practitioner he allegedly paid $484,300.66 (and up to $1,500,000) for representation in a civil suit filed in state court, per a declaration that Defendant signed under penalty of perjury on September 10, 2021;

- The attorney currently representing Defendant in a different civil action that he filed in state court on December 22, 2022; and
- The three attorneys that currently represent Defendant in a civil action pending in federal court.

# I
# THE LAW

"[T]he court should only appoint counsel if it is 'satisfied after appropriate inquiry that the person is financially unable to obtain counsel.'" *United States v. Kodzis*, 255 F. Supp. 2d 1140, 1143 (S.D. Cal. 2003) (quoting 18 U.S.C. § 3006A(b), and further noting "the legislative history of the Civil Justice Act of 1964 shows that it is the court's obligation to 'scrutinize all applications for representation'"). The Ninth Circuit has long held "that the burden of proof of financial status is on the defendant who seeks free appointed counsel." *United States v. Ellsworth*, 547 F.2d 1096, 1098 (9th Cir. 1976); *United States v. Andrews*, 674 F. App'x 636, 638 (9th Cir. 2017) (unpublished) ("We therefore conclude that Andrews did not meet his burden of proof in showing a financial need for CJA funds").

Moreover, the appointment of counsel is revocable:

> If at any time after the appointment of counsel the United States magistrate judge or the court finds that the person is financially able to obtain counsel or to make partial payment for the representation, it may terminate the appointment of counsel or authorize payment as provided in subsection (f), as the interests of justice may dictate.

18 U.S.C. § 3006A(c); *see also United States v. Birrell*, 470 F.2d 113, 115, n. 1 (2d Cir. 1972) ("Indeed, 18 U.S.C. § 3006A(c), (f) indicates that the court is under a continuing obligation to supervise appointments already made to insure that they reflect current financial status."); *Kodzis*, 255 F. Supp. 2d at 1144 ("the government, however, has an interest and a responsibility to bring to the Court's attention any possible misuse or waste of public funds"); Guide to Judiciary Policy, Volume 7, § 210.40.20(g), *available*

*at* <https://www.uscourts.gov/sites/default/files/vol_07.pdf> ("The prosecution and other interested entities may present to the court information concerning the person's eligibility").[1]

## II

## ARGUMENT

The United States opposes Defendant's motion for the appointment of a second attorney in this case because it is not clear that he is financially unable to obtain adequate representation. As noted above, Defendant bears the "burden of proof of financial status" and the Court is to "scrutinize all applications for representation." In determining whether Defendant has met his burden, the Court should consider the following (presumably undisputed) facts:

- Both a law firm and a solo practitioner represented Defendant in a civil action in San Diego County Superior Court. In a declaration Defendant signed under penalty of perjury and filed in that case, Defendant claimed to have paid "attorney fees" to that law firm and solo practitioner and "also paid significant sums to litigation support vendors and our Texas and Oklahoma based counsel." Exhibit 1 at 2. Specifically, Defendant claimed to "have expended $484,300.66 in attorney's fees in costs" as of September 10, 2021. *Id.* at 3.

---

[1] *See also* Crim. L.R. 44.1(a) (requiring appointment of counsel be made in accordance with the District's CJA Plan); U.S. District Court for the Southern District of California Criminal Justice Act Plan, Section VII, D-7, *available at* <https://www.casd.uscourts.gov/_assets/pdf/attorney/CJA%20Plan.pdf> ("If at any time after appointment of the Federal Defender or panel member, the district judge or magistrate judge finds that the accused is financially able to obtain an attorney, in whole or in part, for legal or other provider services in connection with the representation, the judge may terminate the appointment of the Federal Defender or panel member, order that any funds available to the accused be paid as provided in 18 U.S.C. § 3006A(f), or take other appropriate action including permitting the Federal Defender or panel member to continue to represent the client and order that the client reimburse part or all of the cost of representation to the Government.").

- A different attorney is now representing Defendant in a different civil suit that Defendant filed on December 22, 2022. The complaint summarizes Defendant's prior legal representation and states that a second law firm represented him in the SEC's investigation and terminated its representation while Defendant "owed $41,713.44 in unpaid legal fees and costs." *See* Exhibit 2 at 11, 14. The complaint seeks as relief "[d]isgorgement of all fees paid and cancellation of all fees that are alleged to be due by the [solo practitioner and law firm that represented Defendant in the prior civil action] comprised of approximately $1,500,000[.]" *Id.* at 17.
- Three different attorneys are representing Defendant in a civil suit pending before Judge Lorenz. *See* Case No. 3:21-CV-02085-L-MSB.

Thus, at least <u>four</u> different attorneys are currently representing Defendant in pending civil actions. And those four attorneys are distinguishable from (1) the law firm that represented Defendant in the SEC investigation and (2) the solo practitioner and law firm Defendant paid at least $484,300 (and up to $1,500,000) for representation in a prior suit.

The United States is <u>not</u> requesting that the Court terminate the current CJA appointment or order reimbursement at this time on the basis of the above facts alone.[2] Rather, the United States requests only that the Court require Defendant to explain at least (1) how he previously paid for two law firms and a solo practitioner and (2) how he is paying the four attorneys that currently represent him in pending civil actions.

---

[2] Of course, termination and reimbursement are remedies available to the Court. *United States v. Dangdee*, 608 F.2d 807, 809 (9th Cir. 1979) ("Only if the United States Magistrate or the court finds that the person is financially able to obtain counsel may the appointment be terminated."); *United States v. Harris*, 707 F.2d 653, 662 (2d Cir. 1983) (affirming district court's termination of appointed counsel based on defendant's failure "to prove financial inability to afford counsel"); *United States v. Lefkowitz*, 125 F.3d 608, 621 (8th Cir. 1997) (upholding a district court order that a defendant reimburse $316,693.70 for the costs of his defense, noting "[s]uch an order is expressly authorized by 18 U.S.C. § 3006A(f)").

And given that this criminal action is based on the demonstrable lies that Defendant told to defraud investors—including his family and friends—out of millions of dollars he squandered at casinos, the United States recommends that the Court require Defendant to provide such explanations and give a detailed accounting of his ability to afford representation in this case under penalty of perjury.

DATED: May 9, 2023

Respectfully submitted,

RANDY S. GROSSMAN
United States Attorney

*/s/ Eric R. Olah*
ERIC R. OLAH
AARON P. ARNZEN
Assistant United States Attorneys