1  Arezoo Jamshidi (Bar No. 284220)
     *ajamshidi@hbblaw.com*
2  Bethsaida C. Obra-White (Bar No. 239570)
     *bobrawhite@hbblaw.com*
3  HAIGHT BROWN & BONESTEEL LLP
   402 West Broadway, Suite 1850
4  San Diego, California 92101
   Telephone: 619.595.5583
5  Facsimile:   619.595.7873

6  Kalyan Pokala (Bar No. 259947)
     *kalyan@pokalalaw.com*
7  POKALA LAW APC
   2535 Kettner Boulevard, Suite 2C2
8  San Diego, CA 92101
9  Telephone: 619.394.0187
   Facsimile:   619.878.5815

10

11 Attorneys for Defendants and Cross-Complainants,
   DENNY BHAKTA and FUSION HOSPITALITY CORPORATION

12

13 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

14 **COUNTY OF SAN DIEGO**

15

| | |
|---|---|
| 16 V&C INVESTMENT, LLC, a Texas Limited Liability Company and VISHAL PATEL, | Case No. 37-2019-00057744-CU-BC-CTL |
| 17 | **DECLARATION OF DENNY BHAKTA IN SUPPORT OF MOTION FOR AN UNDERTAKING PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 1030** |
| 18 Plaintiffs, | |
| 19 v. | *[Filed Concurrently with Notice of Motion; Memorandum of Points and Authorities; Separate Statement; Declaration of Bethsaida C. Obra-White]* |
| 20 FUSION HOSPITALITY CORPORATION, a California corporation; DENNY BHAKTA and DOES 1 through 10, Inclusive, | |
| 21 | **RESERVATION NO. 2423080** |
| 22 Defendants. | Date:  March 4, 2022<br>Time:  10:30 AM<br>Dept:  C-68<br>Judge: Honorable Richard S. Whitney |
| 23 AND RELATED CROSS-ACTIONS | |
| 24 | Action Filed: October 31, 2019<br>Trial Date:   April 29, 2022 |

25

26

27

28

I, Denny Bhakta, declare as follows:

1. I am the CEO of Defendant Fusion Hospitality Corporation, a party to this lawsuit. I am also separately a party to this lawsuit and am over the age of 18 years of age. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath. As to those matters stated on information and belief, I believe them to be true.

2. This declaration is submitted in support of Defendants/Cross-Complainants Fusion Hospitality Corporation and Denny Bhakta's (collectively "Defendants") Motion for an Undertaking Pursuant to Code of Civil Procedure section 1030.

3. On August 19, 2019, Fusion Hospitality Corporation entered into a Settlement Agreement with Plaintiffs wherein Defendants agreed to pay Plaintiffs a total of $4,250,000.00 for the satisfaction and release of these promissory notes and stock provided pursuant to the Stock Purchase Agreement. Attached hereto as **Exhibit 1** is a true and correct copy of the Settlement Agreement.

4. During negotiations of the Settlement Agreement, Plaintiffs stated that Plaintiffs would produce documentation from the other members of ARMPVC Investment, LLC showing that they agreed that the Plaintiffs' contribution to Fusion Hospitality is equivalent to that made in ARMPVC Investment, LLC. These representations were memorialized as a material term in the Settlement Agreement as they acted as the consideration in exchange for the payment by Defendants.

5. The Settlement Agreement required Plaintiff Vishal Patel to produce documentation from other members of ARMPVC Investment, LLC, of which Vishal Patel is a member, stating that the other members agree that the contribution to Fusion Hospitality is equivalent to that made in ARMPVC Investment, LLC is provided under the same section as the payment terms of the Settlement Agreement. Attached hereto as **Exhibit 2** is a true and correct copy of the affidavits from the purported members of ARMPVC as required under the terms of the Settlement Agreement.

6. The Settlement Agreement also required Plaintiffs to consolidate all remaining capital notes into one new capitol note.

7. I, on behalf of Fusion Hospitality Corporation, would not have entered into the Settlement Agreement if I knew Plaintiffs were not going to comply with these material terms as they acted as the consideration for the payments to be made by Defendants. Without the proper documentation establishing that all members of ARMPVC Investment, LLC, agree that the contribution to Fusion Hospitality is equivalent to that made in ARMPVC Investment, LLC and consolidation of the capital notes, Defendants do not receive full consideration in exchange for the payments under the Settlement Agreement.

8. Plaintiffs knowingly made these false representations during negotiation of the settlement agreement to induce Defendants to enter into the Settlement Agreement and in an attempt to further the fraud to make it appear as though they were complying, Plaintiffs provided fraudulent documents.

9. Plaintiffs provided documentation required for ARMPVC pursuant to the terms of the Settlement Agreement. However, there were discrepancies in the documents and I later learned the documentation provided by Plaintiffs under this term of the Settlement Agreement was false as it did not include all members of ARMPVC and were only submitted to perpetuate the fraudulent statements and make it appear as though Plaintiffs were complying with their obligations under the Settlement Agreement to obtain money from Fusion Hospitality.

10. Vishal Patel and two other members of ARMPVC, Mukesh Patel and Avanindrakumar Patel, intentionally misrepresented that they were the only members and did not disclose or include the fourth member, Nishith Patel, on the documentation provided under the terms of the Settlement Agreement. This fraudulent misrepresentation resulted in overstating the principal of the members by over $400,000.00. Attached hereto as **Exhibit 3** is a true and correct copy of the search conducted on the Texas Secretary of State website showing the members of ARMPVC.

11. After Plaintiffs' counsel sent my attorney Kalyan Pokala the documents in Exhibit 2, I realized that the documentation was fraudulent. Mr. Pokala then contacted Plaintiffs' counsel,

Robert Orr, notifying him that the documents were incorrect. In response, Plaintiff, Vishal Patel, admitted the documents were incorrect and provided new notarized documents. However, these new documents also did not include Nishith Patel's signature. When confronted a second time on these revised documents, Plaintiffs claimed Nishith Patel was not officially a member of ARMPVC, which is not true. In fact, Nishith Patel has been a member of ARMPVC since or around its organization in August 2017.

12. I also believe Plaintiffs never intended to surrender or consolidate any of the capital notes.

13. On or around July 3, 2021, I received Plaintiffs' notice of deposition of 16 non-party individuals, which included, Thakor Bhakta, who is my elderly father, Jitesh T. Bhakta, who is my brother, Surendrakumar Desai, who is my uncle, True Vine Hospitality, which is an entity owned by my uncle, Mr. Desai, Manu Bhakta Foundation, which is a non-profit organization I operate with my family, United Airlines, Hilton Hotels, and two of Hilton Worldwide employees, Andrew Glass and Brittani Libring. None of these individuals or entities have any involvement, information or knowledge regarding the settlement agreement at issue in this case, V&C Investment LLC, or its dealings with Fusion Hospitality Corporation. They are not employees, officers, shareholders, directors, members of Fusion Hospitality Corporation. They do not hold any other positions or titles with Fusion. They are not related entities to Fusion. They were not involved in the contract dealings or negotiations; they are not parties or signatories to the contracts at issue and is not a party to this lawsuit or the contracts at issue.

14. As a result of Plaintiffs discovery tactics, this lawsuit has become very expensive for me to defend as I am paying attorney's fees not only to defend the lawsuit, but also protect my own privacy interests, my family members and business contacts from being harassed during deposition.

15. In addition to the attorney fees that Defendants have paid to their California licensed attorneys, Pokala Law APC and Haight Brown & Bonesteel, LLP, Defendants have also paid significant sums to litigation support vendors and our Texas and Oklahoma based counsel. As of today, September 10, 2021, Defendants have incurred $74,978.40 in litigation vendor fees,

1 | attorney fees and costs for our Texas and Oklahoma licensed counsel. In total, Defendants have
2 | expended $484,300.66 in attorney's fees and costs.

4 |     Executed on this 10th day of September 2021, at San Diego, California.

5 |     I declare under penalty of perjury under the laws of the State of California that the
6 | foregoing is true and correct.

DocuSigned by:
7725FE28CAF6467...
Denny Bhakta