TARA K. McGRATH
United States Attorney
P. KEVIN MOKHTARI
ERIC R. OLAH
California Bar Nos. 253283 / 295513
Assistant U.S. Attorneys
United States Attorney's Office
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7540
Email: Eric.Olah@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 21-CR-3352-JLS |
|---|---|
| Plaintiff, | |
| v. | **THE UNITED STATES' MOTION TO QUASH DEFENSE SUBPOENAS PURSUANT TO RULE 17(c)(2) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE** |
| DENNY BHAKTA, | |
| Defendant. | **The Honorable Janis L. Sammartino** |

The United States of America, by and through its counsel, United States Attorney, Tara K. McGrath, and Assistant United States Attorneys, P. Kevin Mokhtari and Eric R. Olah, hereby files a motion to quash defense subpoenas improperly served on victims in violation of Rule 17 of the Federal Rules of Criminal Procedure and the Local Criminal Rules.

I.   STATEMENT

On September 24, 2024, the United States learned that a defense investigator had served subpoenas duces tecum on two victims in this case. The subpoenas compel production of an overbroad class of documents with no apparent relevance to this case.

The subpoenas direct the victims to produce, at the motion *in limine* hearing set for October 4, 2024, certain categories of documents. One subpoena directs production of (1) "[a]ll communications" with four individuals, including the victim's father—himself a victim of the fraud scheme—between 2020-2024; (2) "[r]eceipts for all nights stayed at Pechanga Resort in Temecula between 2019-2020"; and (3) certain "communications with Denny Bhakta," which would already be in Defendant's possession.

A second subpoena directs production of "[a]ll financial documents used to obtain investor accreditation certificate from CPA Houman Hasid dated 3/11/2020" and "[r]eceipts for nights stayed at Hotel Del Coronado in 2021."

There are no indications, on the face of the subpoenas or otherwise, that this Court approved the subpoenas.

## II.   ARGUMENT

### A.   Legal Standard for Rule 17(c) Subpoenas

Courts have consistently required that Rule 17(c) subpoenas not trespass on the rules of criminal discovery. Rule 17(c) "was not intended to provide an additional means of discovery. Its chief innovation was to expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials." *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951) ("It was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms."); *see also United States v. George*, 883 F.2d 1407, 1418 (9th Cir. 1989) (noting that Rule 17(c) is "not intended to provide a means of discovery for criminal cases") (quoting *United States v. Nixon*, 418 U.S. 683, 698 (1974)); *United States v. MacKey*, 647 F.2d 898, 901 (9th Cir. 1981) ("[A] Rule 17(c) subpoena is not intended to serve as a discovery tool, or to allow a blind fishing expedition seeking unknown evidence.") (citations omitted); *United States v. Villa*, 503 F. App'x 487, 489 (9th Cir. 2012) (explaining Rule 17(c) "was not intended as a discovery device, or to allow a blind fishing expedition seeking unknown evidence," and that under the Rule "the party seeking documents must clear three hurdles: (1) relevant; (2) admissibility; (3) specificity," and affirming district court's finding that subpoena lacked

the requisite specificity) (internal quotation marks and citations to *Nixon*, *MacKey*, and *United States v. Reed*, 726 F.2d 570, 577 (9th Cir. 1984) omitted).

Consistent with this narrow interpretation of Rule 17(c), courts have also held that Rule 17(c) subpoenas may not compel production of materials sought solely for purposes of impeachment. *United States v. Fields*, 663 F.2d 880, 881 (9th Cir. 1981).  Further, courts have required more than a defendant's "mere hope" that the requested documents will produce favorable evidence. *United States v. Hang*, 75 F.3d 1275, 1283 (8th Cir. 1996).

**B.     The Subpoenas Appear to Run Afoul of Rule 17(c) and CrimLR 17.1**

While Rule 17(c) authorizes subpoenas duces tecum, there are a host of defects in the subpoenas the defense served on at least two victims in this case.

The face of the subpoena directs the issuing party to the local rules. Local Criminal Rule 17.1(b), which governs Rule 17 subpoenas, requires a Court order before the issuance of a Rule 17(c) subpoena directing production of documents at a time and place other than "the trial, hearing or proceeding at which these items are to be offered in evidence[.]" CrimLR 17.1(b). Yet, both subpoenas the United States has reviewed demand for production of documents on October 4, 2024, which is the motions *in limine* hearing.  It is unclear how the documents requested will be offered into evidence at such a hearing.

The Local Rule also directs that "[a]ny motion for the issuance of a subpoena under Rule 17(c) must be made to the judge assigned for the trial, hearing or proceeding at which the subpoenaed witness or items are to be offered[.]" CrimLR 17.1(b).

Further, CrimLR 17.1 mandates that all motions for a subpoena duces tecum under Rule 17(c), except for good cause shown, "must be served on all parties who many file an opposition or response" not less than 72 hours prior to the return date.  The government has never been served with a motion to obtain these Rule 17 subpoenas.

Moreover, motions seeking Rule 17 subpoenas must be supported by an affidavit or declaration establishing the following:

/ /

/ /

3

>  (1) the documents or objects sought are evidentiary and relevant;
>
>  (2) that the documents or objects sought are not otherwise reasonably procurable in advance of the trial, hearing or proceeding by exercise of due diligence;
>
>  (3) that the moving party cannot properly prepare for trial without such production and inspection in advance of trial and the failure to obtain such inspection may tend unreasonably to delay the trial, and
>
>  (4) that the application is made in good faith and is not intended for the purpose of general discovery.

Local Criminal Rule 17.1(b).

The United States is concerned that the subpoenas—and perhaps others that have been issued to other victims—have not satisfied the requirements of Local Criminal Rule 17.1(b) or that the subpoenas more broadly violate Rule 17(c)'s requirements.

Even rudimentary requirements do not appear to have been followed. For example, Rule 17(d) requires that the individual serving a subpoena "must tender to the witness one day's witness-attendance fee and the legal mileage allowance." It does not appear the defense investigator complied with this requirement either.

And while Rule 17(a) authorizes a clerk to issue a signed and sealed but otherwise blank subpoena to a requesting party, it requires "that party must fill in the blanks before the subpoenas is served." Here, multiple victims (and perhaps others) have been served with subpoenas ordering the production of documents—in some spanning several years—without providing any contact information of the attorney making the demand, as shown here from one of the victim subpoenas:

> The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
> _____ , who requests this subpoena, are:
> _____

"A Rule 17(c) subpoena is not intended to serve as a discovery tool, or to allow a blind fishing expedition seeking unknown evidence." *MacKey*, 647 F.2d at 901. Because of high potential for abuse in regard to Rule 17(c) subpoenas, Rule 17's procedural

4

requirements provide important safeguards. The United States' interest, in ensuring these procedures are adhered to, is at is zenith when those subpoenas are directed to victims.

### III. CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court quash all subpoenas Defendant has served on victims in violation of Rule 17 and Local Criminal Rule 17.1.

DATED: September 25, 2024

Respectfully submitted,

TARA K. McGRATH
United States Attorney

*/s/ Eric R. Olah*
P. KEVIN MOKHTARI
ERIC R. OLAH
Assistant United States Attorneys