JOHN D. KIRBY
CA Bar No. 149496
The Law Office of John D. Kirby
401 West A Street, Suite 1150
San Diego, CA 92101
Tel (619)557-0100
Attorney for Defendant Denny T. Bhakta

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA
### (HONORABLE JANIS L. SAMMARTINO)

| | |
|---|---|
| UNITED STATES GOVERNMENT,<br><br>Plaintiff,<br><br>vs.<br><br>DENNY T. BHAKTA<br><br>Defendant | Case No. 21-CR-03352-JLS-1<br><br>EX PARTE MOTION TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE UNDER *DUCES TECUM* RULE 17 (c) |

Comes now Defendant Denny T. Bhakta ("Defendant") moving this Court to for leave to allow the clerk's office to issue thirteen subpoenas for information related to the Defendant. The list of individuals and the documents needed are the following:

**1. Patrick Duffy and Susan Duffy**

- 2016 cash receipt for $66,000 from Denny/Fusion
- 2016 vehicle purchase contract at the BMW San Diego dealership.
- 2018 receipts for Cartier jewelry from the Wynn Las Vegas
- All financial documents used to obtain investor accreditation certificate from CPA Andrew Smith dated April 1, 2020.

*U.S. v. BHAKTA*

1

2. **Nihar Bhatt**

- All payments received from Denny Bhakta, Fusion Hotel Management, Fusion Hospitality Corporation, True Vine Hospitality and TurboRes between 2015-2021 including checks, wire transfers and cash.
- All payments to Arun Pandit, Chaitanya Desai, and Tejas Desai between 2015-2021.
- All financial documents used to obtain investor accreditation certificate from CPA Dylan Brennan dated January 30, 2019.

3. **Oscar Gutiérrez and Angelica Gutiérrez**

- Cleared check payments from Fusion between 2015-2017.
- Cash receipts for payments between 2016-2017 from Fusion:
    - $57,500 on September 11, 2016.
    - $7,500.00 on October 27, 2016.
    - $7,500.00 on November 23, 2016.
    - $7,500.00 on December 29, 2016.
    - $15,000.00 on February 3, 2017.

4. **Sonal A. Patel**

- All communications with Jayant "Jay" Patel between 2020-2024.
- All communications with Avanindrakumar "Andy" Patel between 2020-2024.
- All communications with Vishal Patel between 2020-2024.
- All communications with Mukesh Patel between 2020-2024.
- All communications with Denny Bhakta for transportation to and from physical therapy sessions at Scripps Hospital Encinitas in 2020.

- Receipts for all nights stayed at Pechanga Resort in Temecula between 2019-2020.

5. **Divyesh Das**
   - All payments received from Denny Bhakta, Fusion Hotel Management and Fusion Hospitality Corporation.
   - All ownership documents for entities used to transfer money to Denny Bhakta, Fusion Hotel Management and Fusion Hospitality Corporation, such as Palace Inn, Bayou City Lodging LLC, and Greatwood Lodging Group LLC.
   - All financial documents used to obtain investor accreditation certificate from Attorney Parul Das dated 2/01/2018.

6. **Adena Hebdon**
   - Investor Accreditation Certificate pursuant to Section 2 of TurboRes Subscription Agreement executed on April 28, 2021.
   - 2020-2021 Bank statements showing required net worth or income as basis for accreditation, as defined by the SEC.
   - Copies of Series 6 and Series 7 Investment licenses (indicated in 302).
   - Receipts for accommodations at Hotel Del Coronado Beach Villas between 2019-2021.

7. **Paralee Munoa**
   - All documents showing that her daughter Pamela Bush and son-in-law John Bush were executors of her finances (as indicated in her promissory note).
   - Cleared check payments from Fusion.
   - All communications with Pamela Bush and John Bush regarding her capital with Fusion.

8. **John Bush**
   - Cleared check payments from Fusion.
   - All communications with Paralee Munoa regarding her capital with Fusion.
   - All donations received from Denny Bhakta.

9. **Amit Hasolkar**
   - All financial documents used to obtain investor accreditation certificate from CPA Houman Hasid dated 3/11/2020.
   - Receipts for nights stayed at Hotel Del Coronado in 2021.

10. **Bank of America**
    - Checks regarding Account # 325127007205
    - Checks: 01/09/20 #991, 01/13/20 #993, 01/13/20 #994, 01/13/20 #2028, 01/21/20 #1049, 01/27/20 #1046, 01/28/20 #1050, 01/31/20 #105.

11. **Patrick O'Sullivan**
    - All financial documents used to obtain investor accreditation certificate from your CPA on 10/21/2020.
    - All receipts for hotel nights at Wynn Las Vegas, Aria, and Cosmopolitan between 2016-2021.

## I.

## FACTS SUPPORTING THIS REQUEST

The above-mentioned individuals and entities repeatedly had interactions with the Defendant and the information exchanged is in connection to this criminal case.

## MR. BHAKTA IS ENTITLED TO REQUEST SUBPOENAS DUCES TECUM

Under Federal Rules of Criminal Procedure, Rule 17(c), a "subpoena may . . . command the person to whom it is directed to produce the books, papers, documents or other objects designated therein." Under Local Rule of Practice for the United States District Court for the Southern District of California ("Local Rules"), Rule 73.5, a subpoena in a criminal case may require the production of documents at a date, time and place other than the date, time and place for trial if the court enters an order under "Rule 17(c) . . . authorizing the issuance of such subpoena."

Motions for early return of a subpoena under Rule 73.5 must be made to the "Magistrate Judge assigned to criminal duty at the time of the filing of the motion and must be supported by an affidavit showing:

(1) The documents or objects sought are evidentiary and relevant; (2) that the documents or objects sought are not otherwise reasonably procurable in advance of the trial, hearing or proceeding by exercise of due diligence; (3) the moving party cannot properly prepare for trial without such production and inspection in advance of trial and failure to obtain such inspection may tend unreasonably to delay the trial, and (4) that the application is made in good faith and is not intended for the purposes of general discovery."

Rule 17(c) permits defendants to subpoena information in criminal discovery. In *Bowman Dairy Co. v. United States*, 341 U.S. 214 (1951), the Supreme Court considered a 17(c) subpoena for documents in the government's possession and held that a 17(c) subpoena is not intended to provide discovery in a criminal case. In *United States v. Nixon*, 418 U.S. 683, 698-700, 702 (1974) the Supreme Court followed *Bowman Dairy Co.* when considering a prosecution subpoena for documents.

In *United States v. Fields*, 663 F.2d 880 (9th Cir. 1981), the court applied the test in *United States v. Nixon*, 418 U.S. 683, 698-99 (1974) and held that "we see no basis for using a lesser evidentiary standard merely because production is sought from a third party rather than from the United States." *Id*. at 881. The Field Court, therefore, held that Rule 17(c) subpoenas must demonstrate that the materials are "evidentiary and relevant." The Field court, therefore, reversed the *pretrial* production of impeachment material. Id.

Other courts have applied a different standard for Rule 17(c) subpoenas, such as the one in this case, that are from a defendant and to a third party. *See, e.g.*, *United States v. Tomison*, 969 F. Supp. 587, 593 n. 14 (E.D. Cal. 1997) (*Nixon* standard does not apply to subpoenas to third parties and government has no standing to object); *United States v. Nachamie,* 91 F. Supp. 552, 563 (S.D.N.Y. 2000) (The government has no standing to object to a third party

subpoena and lower standard applies to third party subpoenas); *United States v. Tucker*, 249 F.R.D. 58, 67 (S.D.N.Y. 2008) (Requiring heightened *Nixon* standard is inappropriate in connection with subpoena to third party by defense and may violate Confrontation Clause.).

Using any analysis, all the requirements of Rule 73.5 have been met, and this Court should order the issuance of the subpoenas, ordering the production of the requested documents.  Although Mr. Bhakta believes that applying a strict *Nixon* analysis to deny this motion would violate the Confrontation Clause, the Fifth Amendment (*see, e.g. Chambers v. Mississippi*, 410 U.S. 284 (1972) [state may not interpret rules in a way to deny defendant a defense] , and the Sixth Amendment (*see, e.g. Washington v. Texas*, 388 U.S. 14 (1967) [defendant has a right to present witnesses in his favor]), in this case even under *Nixon* his subpoena requests are proper.

A.     **The Requested Documents Are Evidentiary And Relevant**

The requested documents are both evidentiary and relevant. (Declaration Of John D. Kirby In Support Of Motion For Issuance Of Subpoena Duces Tecum Requiring Production Of Documents ("Kirby Decl."), ¶ 4.) The documents and materials:

Thus, all the subpoenas as for material that is both relevant and "evidentiary."

B. **The Requested Documents Are Not Otherwise Reasonably Procurable In Advance Of Trial**

Mr. Bhakta has no access to any documents within the possession, custody and control of the subpoenaed party. This Court should therefore order the production of those documents pursuant to the requested subpoenas.

B. **Mr. Bhakta Cannot Properly Prepare For Motions In Advance Of Trial And The Failure To Grant This Motion May Tend Unreasonably To Delay The Trial**

As noted above, much of the defense at trial and in motions will involve the subpoenaed materials. Thus, trial may be delayed if Mr. DEFENDANT is given that information on the day of the motion hearing.

C. **This Application Is Made In Good Faith And Is Not Intended For General Discovery**

The requested subpoenas are narrowly drawn in terms of time and scope. Thus, this Court should grant this motion.

## II.

## CONCLUSION

For the foregoing reasons, this Court should grant the above motions.

Dated: 9/25/2024                    /s/JOHN D. KIRBY
                                    John D. Kirby