ADAM GORDON
United States Attorney
P. KEVIN MOKHTARI
ERIC R. OLAH
Assistant United States Attorneys
California Bar Nos. 253283/295513
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7540

Attorneys for the Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DENNY BHAKTA,<br><br>Defendant. | Case No.: 3:21-CR-3352-JLS<br><br>**THE UNITED STATES' MEMORANDUM ON RESTITUTION**<br><br>Date: May 2, 2025<br>Time: 2:00 p.m.<br>Courtroom 4D<br><br>**The Honorable Janis L. Sammartino** |

The United States of America, by and through its counsel, Adam Gordon, United States Attorney, and P. Kevin Mokhtari and Eric R. Olah, Assistant United States Attorneys, hereby respectfully submits this memorandum in support of its restitution recommendations.

## I
## THE LAW

Restitution to victims of bank fraud is mandatory under 18 U.S.C. § 3663A. *See* 18 U.S.C. § 3663A(c)(1) (requiring restitution for offenses against property under Title 18, "including any offense committed by fraud or deceit").  Further, a victim for purposes of restitution is "a person directly and proximately harmed as a result of the commission of an offense . . . including, in the case of an offense that involves as an

element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern." 18 U.S.C. § 3663A(a)(2); *see also United States v. Johnson*, 875 F.3d 422, 426 (9th Cir. 2017) ("Under 18 U.S.C. § 3663A and Ninth Circuit precedent, the district court could properly order restitution for all victims harmed by Johnson's scheme, including those harmed by conduct beyond the count of conviction.").

## II

## ANALYSIS

A jury convicted Defendant of 18 counts of bank fraud in violation of 18 U.S.C. § 1344(2). The bank fraud scheme was based on 18 Paycheck Protection Program ("PPP") loans that Defendant applied for and received from various banks. While individual lending banks processed and provided the loan funds to Defendant, the Small Business Administration ("SBA") "backed" or guaranteed the loans and is a victim of Defendant's bank fraud scheme for restitution purposes.[1] Submitted herewith as Exhibit 1 is the SBA's Certificate of Indebtedness, which shows a total indebtedness resulting from Defendant's 18 PPP loans of $4,762,958.01. The United States accordingly recommends Defendant be ordered to pay that amount to the SBA as mandatory restitution under § 3663A.

The United States also recommends the Court order Defendant to pay restitution to the investor victims identified in the table below, each "directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern" under § 3663A. Notably, Defendant falsely claimed the investors in his Ponzi scheme as

---

[1] *See, e.g., United States v. Kasali*, 111 F. 4th 637, 651 (5th Cir. 2024) (affirming convictions based on PPP loan fraud and finding "the district court properly included the SBA in the restitution order"); *United States v. Joseph*, 108 F. 4th 1273, 1280 (10th Cir.) (affirming convictions, including restitution order to SBA for PPP loan). *United States v. Simpkins*, No. 8:21-cr-292-VMC-TGW, 2024 WL 4288077, *1 (M.D. Fl., Sept. 25, 2024) (substituting the SBA as victim and payee of restitution because "as guarantor, the SBA has since guaranty purchased the loan from Celtic Bank" and "already compensated Celtic Bank for the loss incurred due to Simpkins' crime").

employees on his PPP loan applications, and he used the bank fraud scheme to further his ongoing and overlapping Ponzi scheme by using some of the PPP loan funds to pay interest and/or principal owed to investors. *United States v. Ighorhiohwunu*, No. 22-10199, 2023 WL 8594399, *1 (9th Cir., Dec. 12, 2023) (affirming restitution order, explaining the defendant's "conspiracy 'was, in fact, the same scheme as, or was related to, the scheme' that caused T.M.'s losses") (quoting *United States v. Thomsen*, 830 F.3d 1049, 1068 (9th Cir. 2016) (explaining restitution "may be based on related, uncharged conduct that is part of a fraud scheme"); *United States v. Anieze-Smith*, 923 F.3d 565, 572 (9th Cir. 2019) ("the district court properly included losses relating to the overall fraudulent scheme in the restitution amount").

Unless the table below indicates otherwise, the amounts invested and received by an individual are based on FBI forensic accountant (and trial witness) Benjamin McDonnell's review of Defendant's bank account records, and the proposed restitution amounts are simply the difference between the amount an investor paid to Defendant and the amount they received from Defendant (i.e., their actual loss). The table does not include the few individuals that received from Defendant amounts equal to or greater than the amounts they invested. Further, the table includes only the losses of individuals that confirmed their losses by completing and returning to the FBI a questionnaire, an interview with the FBI, a victim impact statement, a statement through their retained counsel, and/or trial testimony. For example, consistent with the questionnaire she submitted and her interview with the FBI , 84-year-old victim P.M. testified at trial that she invested $50,000 and received only $500 in return.

| Victim | Amount Invested | Amount Received | Restitution Owed |
|---|---|---|---|
| A.P. | $5,232,050.50 | $1,871,207.12 | $4,500,000[2] |
| H.G. LLC | $1,860,000 | $1,193,360.84 | $665,639.16 |

---

[2] This loss amount is taken from A.P.'s victim impact statement. Further, the United States understands that much of the money A.P. received from Defendant was used to pay other investors in Fusion.

| Victim | Amount Invested | Amount Received | Restitution Owed |
|---|---|---|---|
| M.P. | $4,511,194.32 | $123,360 | $4,561,345[3] |
| V.P. | $1,262,750 | $41,119 | $4,143,575[4] |
| K.H. LLC | $300,000 | $0 | $300,000 |
| K.B | $400,000 | $98,745.21 | $301,254.79 |
| S.R.G. LLC | $100,000 | $0 | $100,000 |
| D. TRUST | $395,000 | $0 | $395,000 |
| P.J.D. | $718,600 | $440,000 | $278,600 |
| A.H. | $775,000 | $20,184.72 | $754,815.28 |
| M.R. | $75,000 | $0 | $75,000 |
| A.H. | $120,000 | $24,350 | $95,650 |
| A.H. and G.H. | $25,000 | $0 | $25,000 |
| J.M.U. | $815,000 | $135,800 | $679,200 |
| P.M. | $50,000 | $500 | $49,500 |
| P.T.O. | $20,000 | $5,599.86 | $14,400.14 |
| S.A.P. | $40,000 | $0 | $40,000 |
| A.P. | $40,000 | $0 | $40,000 |
| R.P. | $11,040 | $9,099.40 | $1,940.60 |
| N.P. | $35,000 | $21,492.20 | $13,507.80 |
| T.P. | $145,000 | $0 | $145,000 |
| S.P and A.B. | $75,000 | $0 | $75,000 |
| M.S. | $25,000 | $0 | $25,000 |
| N.R.B. | $100,000 | $0 | $100,000 |
| M.P. | $65,000 | $0 | $65,000 |
| J.P.C.I.G. LLC | $35,000 | $32,364.38 | $2,365.62 |
| S.E.C. LLC | $404,900 | $21,062.50 | $383,837.50 |

---

[3] This loss amount is taken from M.P.'s victim impact statement dated February 6, 2025. Notably, the figure is less than the $5,012,400.96 total in a written agreement that Defendant, M.P., and their respective attorneys signed on July 29, 2019.

[4] V.P.'s victim impact statement (dated February 7, 2025) indicates $2,871,575 of "investments with" Defendant, attorney's fees of $319,950, $115,266 in interest paid to the bank, and $1,272,000 paid to friends and family, for a total actual loss of $4,578,791. The United States' recommended amount excises V.P.'s attorney's fees and paid interest from the sum in V.P.'s victim impact statement, as those amounts are not subjects of restitution under § 3663A. Finally, in a written agreement Defendant and V.P. signed in August 2019, Defendant agreed to pay V.P. $4,250,000 based on V.P.'s investments in Fusion.

| Victim | Amount Invested | Amount Received | Restitution Owed |
|---|---|---|---|
| Victims that Invested through DNZ Investments LLC[5] | | | |
| V.A. | | | $25,000 |
| H.B. | | | $75,000 |
| N.B. | | | $335,445 |
| C.D. and I.P. | | | $475,000 |
| T.D. and T.D. | | | $225,000 |
| DNZ Investments LLC | | | $294,500 |
| S.F. | | | $75,000 |
| A.P. | | | $150,000 |
| T.T. | | | $205,000 |

## III

## CONCLUSION

The United States respectfully requests the Court (1) order Defendant to pay restitution to the victims in the amounts identified both herein and in a simultaneously submitted proposed order that includes victim names and addresses, and (2) seal the restitution order from public view. *See* 18 U.S.C. § 3771(a)(8) (providing victims the "right to be treated with fairness and with respect for the victim's dignity and privacy").

DATED: April 25, 2025

ADAM GORDON
United States Attorney

*/s/ Eric R. Olah*
P. KEVIN MOKHTARI
ERIC R. OLAH
Assistant U.S. Attorneys

---

[5] At trial, the Court admitted United States' exhibit number 8-17, an unsigned Memorandum of Understanding Defendant provided to victim N.B. Relevant here, the document identifies a "combined net principal balance of $1,910,000" that Fusion Hospitality Corporation owes to DNZ Investments LLC, which is an entity several individuals used to invest in Fusion.